NO.   94-615

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

MICHAEL MIHALKA,

    Plaintiff and Appellant,

-v-

BOYCE B. HILL and BETH HILL,

    Defendants and Respondents.


APPEAL FROM: District Court of the Twenty-First Judicial District,
       In and for the County of Ravalli,
       The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Judith A. Loring, Stevensville, Montana

       For Respondent:

          Edward A. Murphy, Datsopoulos, MacDonald & Lind,
          Missoula, Montana

FILED

AUG 24 1995

Filed:
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  April 6, 1995

Decided:   August 24, 1995

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The plaintiff, Michael Mihalka (Mihalka), brought an action in the District Court to rescind a Contract for Deed between Mihalka and the defendants, Boyce and Beth Hill (the Hills). Following a bench trial, the District Court for the Twenty-First Judicial District, Ravalli County, concluded that Mihalka had not made an effective offer of rescission and had breached the contract. The court granted the Hills their costs of suit and reasonable attorney fees. Mihalka appeals. We affirm.

We address only the following issue on appeal:

Did the District Court err by holding that Mihalka had not made an effective offer of rescission?

### Background

In 1978, the Hills purchased property in Ravalli County and began construction of a house on the property the following year. The house was built by the Hills and several of their friends and relatives. The Hills worked on the house until 1986. They resided in it during the warmer months of the year and spent the winter months in Arizona.

The Hills listed the house for sale in 1988. On December 4, 1989, Mihalka viewed the house with a realtor and indicated an interest in purchasing it. Mihalka executed a buy/sell agreement on the house the following day. The agreed purchase price was $50,000, with $500 to be paid as earnest money, $9,500 to be paid at closing and $40,000 due on a contract for deed payable over 10 years.

After executing the buy/sell **agreement,** but prior to closing, Mihalka moved into the house and began remodeling. He testified at trial that during his attempts to remodel, he discovered numerous problems with the house, including problems with the electrical system and water leakage. On January 17, 1990, Mihalka sent the Hills a letter citing various problems with the property and demanding his money back. However, in his letter, Mihalka did not offer to restore the property to the condition it was in before he started his remodeling work.

Mihalka failed to make his June 1990 payment. On June 13, 1990, the Hills sent Mihalka a letter advising him that he had thirty days from the date of the letter to cure the default or the agreement would be terminated and the Hills would re-enter and take possession of the property.

Mihalka failed to cure the default and moved out of the house. The Hills took possession of the property in July 1990. Testimony at trial showed that Mihalka failed to restore various **items** he had removed in his remodeling, including: the kitchen sink, a wood stove, the bricks around the wood stove, a door, insulation around the hot water heater and kitchen cupboards. In addition, Mihalka had not restored electrical modifications he made, pipes he cut, nor holes he put in the ceiling. On July 23, 1990, Mihalka's attorney sent a letter of rescission to the Hills containing an offer to restore the property.

Mihalka filed suit on March 13, 1991, to recover his down payment of $10,000 along with his costs to insure the home,

3

interest expense on his monthly payments, and attorney fees. The Hills counterclaimed for damages and to get the escrow documents from the escrow agent in order to remove Mihalka's name from the title. The District Court found for the Hills and awarded them their attorney fees and damages. Mihalka moved the court to alter or amend that portion of the judgment awarding damages to the Hills. The motion was granted and Mihalka now appeals from the District Court's Amended Findings of Fact, Conclusions of Law and Judgment.

## Discussion

Did the District Court err by holding that Mihalka had not made an effective offer of rescission?

The District Court concluded that Mihalka had breached the contract by failing to make the June 1990 payment and that the Hills had properly terminated the contract after Mihalka failed to cure the default. The District Court determined that Mihalka "made no effective offer of recision [sic] and even kept the keys to the house through the date of trial in this matter (almost four years)."

Our review of a district court's conclusions of law is plenary. We simply determine whether the court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

Section 28-z-1713, MCA, provides:

> How rescission accomplished. Rescission, when not effected by consent, can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with the following rules:

4

(1) *He must rescind promptly* upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind.
(2) *He must restore to the other* party *everything of value which he has received from him under the contract or must offer to* restore *the* same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.   [Emphasis added.1

The District Court determined that the Contract for Deed contained a default clause which provided that the sellers can terminate the contract due to default after giving the buyer thirty days notice by certified mail. Upon termination, the sellers have the right to keep all money paid as rent and liquidated damages and to receive all documents held in escrow.

When Mihalka failed to make the June 1990 payment, the Hills sent Mihalka a notice of default reciting the failure to make the June payment along with other defaults.  Mihalka failed to cure the defaults and the Hills terminated the contract.  It was not until July 23rd, ten days after the deadline to cure the default had passed,  that Mihalka sent a letter of rescission containing an offer to restore the property.

In order to effectively rescind, a party must act promptly upon discovery of the facts supporting the rescission.  Section 28-Z-1713 (1) , MCA; Schweigert v. Fowler (1990), 240 Mont. 424, 431, 784 P.2d 405, 410. Mihalka did not attempt to rescind the contract until after the contract had terminated due to Mihalka's default. His attempt at rescission  came too late.

In addition, Mihalka failed to restore to the Hills everything of value which Mihalka had received from the Hills under the

5

contract. Section 28-2-1713(2), MCA. The objective of rescission is to return the parties to the position they were in had the contract never been made. Cady v. Burton (1993), 257 Mont. 529, 538, 851 P.2d 1047, 1053. Although, Mihalka offered in his July 23, 1990 letter, to restore the property, the offer came too late as the contract had already been terminated.

Accordingly, we hold that the District Court correctly interpreted the law as it applies in this case and we affirm the District Court's determination that Mihalka did not effectively rescind the Contract for Deed.

Affirmed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices